JAMES A. WILLIAMS, plaintiff in error, *vs.* JOHN HARKINS, defendant in error.

1. The levy of an execution upon land by the sheriff, without more, was not sufficient evidence of a breach of warranty to sustain an action in favor of the present owner of the property against his vendor on the covenant contained in the deed.

2. Land was conveyed by deed on March 26th, 1863, to which the vendor only held a bond for titles.   An execution against said vendor for the purchase money was levied on the same on November 29th, 1867, and a sale made on the first Tuesday in August, 1868.   The defendant was adjudged a bankrupt on February 3d, 1868, and discharged on the 13th of the following October:

*Held*, that the vendee's claim on the covenant of warranty in the deed to him existed prior to the bankruptcy of his vendor, and was therefore barred by his discharge.

Warranty.   Levy and sale.   Bankrupt.   Before Judge UNDERWOOD.   Floyd Superior Court.   January Term, 1875.

Reported in the decision.

DABNEY & FOUCHE, for plaintiff in error.

WRIGHT & FEATHERSTON, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant for a breach of covenant of warranty of title to a tract of land described in his declaration.   The defendant pleaded in bar of the plaintiff's action against him his discharge as a bankrupt, dated 13th October, 1868.   On the trial of the case, the jury, under the charge of the court, found a verdict for the defendant.   A motion was made for a new trial, on the ground that the verdict was contrary to the evidence and without evidence

to support it, and for alleged error in the charge of the court, which motion was overruled, and the defendant excepted.

It appears from the evidence in the record that on the 26th of March, 1863, the defendant conveyed the land to the plaintiff by deed, with a covenant of warranty of title thereto. It also appears from the evidence that the defendant was adjudged a bankrupt on the 3d day of February, 1868, and obtained his discharge on the 13th of October, 1868. The plaintiff offered in evidence two *fi. fas.* in favor of P. W. & William Printup against the defendant, issued on judgments obtained in January and July, 1866. It appears from the entry of the sheriff on one of the executions, that it was levied on the land as the property of the defendant, to pay the original purchase money due for said property by the defendant to plaintiff on the within *fi. fa.*, which levy is dated 29th of November, 1867. It also appears, by the sheriff's entry on the *fi. fa.*, that the above property was sold by him on the first Tuesday in August, 1868, and bid off by P. W. & William Printup, for the sum of $400 00. D. S. Printup testified that he was the agent of P. W. & William Printup, and held the notes of the defendant, Harkins, for the purchase money of said property, and tried to get him to pay them in 1862, the same being due at that time; that the *fi. fas.* in evidence were for the purchase money of the land; the defendant, Harkins, held P. W. & William Printup's bond for titles; never had a deed to the land. Jackson testified that he saw plaintiff pay defendant $1,000 00 for the land in 1863 or 1864. Plaintiff testified in his own behalf that he purchased the property in 1863; that defendant stated to him, at the time of the purchase, that his title to the land was good and perfect; that he paid $2,500 00 cash for it. The sheriff testified that the land was sold by him on the first Tuesday in January, 1868, and he made a deed therefor to P. W. & William Printup. The defendant testified in his own behalf, and stated that he told the plaintiff he had only a bond for titles, and had not paid all the purchase money due for the land, and proposed to transfer to him Printup's bond for titles, but

plaintiff insisted on having a deed. At that time defendant was worth $20,000 00. The court charged the jury, "if the proof shows that the land was levied on by the sheriff to satisfy a *fi. fa.* for the purchase money on the 29th of November, 1867, I charge you that such levy was a seizure of the land by the sheriff, and there was from that date a breach of the warranty, and Williams' debt against Harkins was provable in bankruptcy."

1. In our judgment this charge of the court was error. The levy of the *fi. fa.* on the land by the sheriff, without more, was not sufficient evidence of a breach of the covenant warranty of title contained in the defendant's deed.

2. But notwithstanding this error in the charge of the court the verdict was right under the evidence in the record. If the plaintiff has a cause of action against the defendant for a breach of the warranty of title contained in his deed, that cause of action existed prior to the 3d of February, 1868, when the defendant was adjudged a bankrupt, and inasmuch as the plaintiff's claim for that breach of warranty against the defendant existed prior to his having been adjudged a bankrupt, he should have proven it in the bankrupt court, and having failed to do that he is now barred by the bankrupt's discharge. There is no evidence in the record, with or without the charge of the court, which would have authorized the jury, under the law, to have found a different verdict than that which they did find.

Let the judgment of the court below be affirmed.